**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3920-18T2

RICKY JAMES,

     Appellant,

v.

NEW JERSEY
DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted November 5, 2020 – Decided December 30, 2020

Before Judges Alvarez and Mitterhoff.

On appeal from the New Jersey Department of Corrections.

Ricky James, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Niccole L. Sandora, Deputy Attorney General, on the brief).

PER CURIAM

Ricky James, an inmate at South Woods State Prison, appeals from a March 29, 2019 final order of the New Jersey Department of Corrections (DOC), adjudicating him guilty of *.203 – possession of a prohibited substance. James was sanctioned with 180 days of administrative segregation, 90 days' loss of commutation time, 10 days' loss of recreation privileges, permanent loss of contact visits, and 365 days' urine monitoring. Based on our review of the record and the governing law, we affirm.

The essential facts, adduced before a hearing officer were based on the testimony of Sergeant McDermott, a preliminary incident report prepared by McDermott, a Special Investigation Division report identifying the contraband as Suboxone, an authorization for prehearing disciplinary housing placement report, a seizure of contraband report, an inmate receipt for seizure of contraband, and video footage. That evidence reveals that on March 25, 2019, at approximately 10:55 a.m., Sergeant McDermott observed James "acting suspicious fumbling with something in his pocket" while returning from the prison's visitation hall. McDermott searched James and found a folded piece of cardboard, approximately one by one-and-a-half inches, wrapped in plastic inside of James' coat pocket. When confronted, James admitted to McDermott the folded cardboard contained Suboxone. McDermott confiscated the package

and placed James in restraints. Id. McDermott gave the package to another officer who placed it in the evidence storage locker located in the central control room. James was placed in prehearing disciplinary housing.

On March 26, 2018, James was charged with *.203 – possession of a prohibited substance. He received notice of the charge the same day. Id. A disciplinary hearing was scheduled for March 27, 2019, but was postponed to accommodate James' request for video footage of the incident.[1] The disciplinary hearing was held the following day.

On March 28, 2019, James plead not guilty. The hearing officer heard McDermott's testimony and considered several DOC documents related to the incident, including a report prepared by the Special Investigations Division. The report indicated that an investigator had assessed the contraband and concluded, based on its shape, color, and markings, that it was "Suboxone sublingual film 8mg." The report indicates that the contraband was discovered in the prison's mailroom, not on James's person.

---

[1] James alleged that he was not wearing a coat while in the visitation hall, and the video would prove McDermott's account was unreliable. The hearing officer found that the video showed inmates hanging their coats up outside the visitation hall, so fact that James was not wearing one while inside was of no consequence. Id.

James, with the assistance of a counsel substitute, testified in his defense. He denied possessing a prohibited substance and asserted that he never made the alleged admission to McDermott. Notably, James chose not to cross-examine McDermott or call any witnesses to challenge the reports. James and his counsel substitute were shown the adjudication report and a list of evidence the hearing officer relied upon. At the conclusion of the hearing, James was found guilty.

James administratively appealed the decision of the hearing officer. On March 29, 2019, a DOC Assistant Superintendent upheld the finding of guilt and sanctions imposed.

On appeal, James presents the following issues for our review:

> POINT I
>
> THE APPELLANT SUBMITS THAT THE HEARING OFFICER ERRED BY ALLOWING EVIDENCE INTO THE HEARING WITH A FINDING OF GUILT WHICH HAD NOT BEEN VERIFIED AS DRUGS BY LABORATORY REPORTS AND/OR TESTING [CONSISTENT] WITH DEPARTMENT OF CORRECTIONS POLICY AND PROCEDURE
>
> POINT II
>
> THE EVIDENCE RELIED ON BY THE HEARING OFFICER WAS NOT BASED ON SUBSTANSTIAL CREDIBLE EVIDENCE AND THAT APPELLANT MUST BE APPRISED OF MATERIAL IN ORDER TO PREPARE A PROPER

DEFENSE THUS SHIFTING THE BURDEN OF
PROOF ON THE APPELLANT

Our review of an administrative agency's decision is limited. See In re Stallworth, 208 N.J. 182, 194 (2011). We "afford[] a 'strong presumption of reasonableness' to an administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting City of Newark v. Nat. Res. Council, Dep't of Env't Prot., 82 N.J. 530, 539 (1980)). Thus, "[w]ithout a 'clear showing' that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record, an administrative agency's final . . . decision should be sustained, regardless of whether a reviewing court would have reached a different conclusion in the first instance." Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009) (quoting In re Herrmann, 192 N.J. 19, 27 (2007)).

An inmate is not accorded the full panoply of rights in a disciplinary proceeding afforded a defendant in a criminal prosecution. Avant v. Clifford, 67 N.J. 496, 522 (1975). Instead, prisoners are entitled to: (1) written notice of the charges at least twenty-four hours prior to the hearing; (2) an impartial tribunal; (3) a limited right to call witnesses and present documentary evidence; (4) a limited right to confront and cross-examine adverse witnesses at a hearing; (5) a right to a written statement of the evidence relied upon and the reasons for

the sanctions imposed; and (6) where the charges are complex, the assistance of a counsel substitute. Id. at 525-33; accord Jacobs v. Stephens, 139 N.J. 212, 215 (1995); McDonald v. Pinchak, 139 N.J. 188, 192 (1995).

N.J.A.C. 10A:4-9.15(a) requires a finding of guilt at a disciplinary hearing to be supported by substantial evidence. "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. New Jersey Dep't of Corr., 414 N.J. Super. 186, 191-92 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

We are satisfied James received all the procedural protections afforded to inmates during disciplinary proceedings. Timely notice was given of the charges against him, and he received the assistance of a counsel substitute during the hearing. James was allowed to testify in his defense, had the opportunity to cross-examine adverse witnesses, and his request for video footage of the incident was accommodated. He also received a description of the evidence the hearing officer relied upon in making its determination.

We reject James's argument that there was insufficient evidence to sustain the finding of guilt. The evidence the hearing officer relied upon included McDermott's testimony and the incident report he prepared immediately after

A-3920-18T2

discovery of the contraband. His testimony and report indicate James had concealed a small piece of folded cardboard and admitted to possessing Suboxone. That admission is corroborated by the Special Investigations Division report identifying the contraband as Suboxone.

We note the discrepancy in the report stating the contraband was found in the mailroom, not on James's person. However, even if the weight of the report is discredited by the apparent oversight, the hearing officer was entitled to reject James's claims that he never possessed, or admitted to possessing Suboxone. McDermott's testimony and report provided substantial evidence that the inmate possessed a prohibited substance. James was given the opportunity to challenge that evidence through cross-examination of McDermott, or by presenting his own witnesses, but did neither.

James's claim that the respondent should have had the contraband tested by the state lab is equally without merit. Unlike prohibited act *.204 – use of a prohibited substance, state lab testing is not required to prove the chemical make-up of a prohibited substance related to a *.203 charge. See Blanchard v. New Jersey Dep't of Corr., 461 N.J. Super. 231, 241 (App. Div. 2019) ("[T]he regulation is nonetheless limited to 'specimens' drawn from an inmate's body,

such as urine, blood, or saliva, and not substances the inmate actually or constructively possesses.").

Because the hearing officer's determination is supported by substantial evidence, which includes James's admission that the contraband in question was Soboxone, we discern no reason to disturb the DOC's finding of guilt.

To the extent we have not addressed any of James's remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3920-18T2